JOHN D. BOON, Appellant, *v.* JOHN B. McCLANE, Respondent.

*Motion on Appeal from Clackamas County.*

1. The jurisdiction of the Supreme Court of this State is *only appellate* and *revisory*.

2. A final decree having been rendered in this court in 1863, and a mandate sent to the court below, and one of the parties having died in 1864, this court will not now entertain a motion to substitute the heirs and representatives of deceased and make them parties.

AT the September term of this court in 1863, this suit stood for hearing on an appeal from the final decision of the Circuit Court of Clackamas county, and a revision of that decision was then made in this court by rendering a final decree against the respondent, John B. McClane; from which decision he sued out a writ of error from the Supreme Court of the United States. In 1864, and before this writ of error reached a hearing in that court, John D. Boon died. This fact coming to the knowledge of that court, and no steps having been taken there to have the heirs of Boon made parties, that Supreme Court dismissed the writ of error for that cause, and sent a mandate to this court, with direction to carry out its decree. Before that mandate was filed in this court, respondent by his attorneys, Strong & Smith, filed his motion asking that Martha J. Boon, and the other heirs of John D. Boon, specifying them by name, be made parties to this suit in place of J. D. Boon, deceased. A special appearance was made for Henry D. Boon, one of the heirs, and resistance made to the granting of the motion.

*Strong & Smith,* for the motion.

*Williams & Kelly, contra.*

No printed briefs filed.

PRIM, J.   The court is of the opinion that this motion should be overruled, for the reason that this court has no jurisdiction to entertain it.   This Supreme Court has no jurisdiction except such as is given it by the Constitution of the State.   The first part of section six, of article seven, of that instrument, is in these words: "The Supreme Court shall have jurisdiction *only* to *revise* the *final* decisions of the Circuit Court," etc.   This is plain and sufficient, it seems to us, without further comment.   It will be readily seen that the jurisdiction of this court is *only appellate* and *revisory*, and without any original jurisdiction whatever.   The final decision of the Circuit Court was before this court on appeal, at the September term, 1863, and its revisory powers were then exhausted by making a final determination of the case in this court, and sending its mandate to the Circuit Court, with directions to carry out its decree.

*Section 37, of the Code, page* 146, is cited by counsel for respondent to sustain this motion; but, it will be seen at once, that this section is inapplicable, for two reasons: First, because this suit is not pending in this court; and secondly, because the application to review, if the suit were pending, was not made within one year from the death of John D. Boon, as that section provides.   For these reasons the motion is overruled.

Justices BOISE and WILSON did not participate in this hearing, having been counsel in the original case.