Argued October 2; petition denied October 18, 1934

STATE EX REL. BLUMAUER v. LAWRENCE

(36 P. (2d) 784)

*John W. Kaste* and *John F. Logan,* both of Portland, for relator.

*Paul R. Harris* and *Chas. W. Robison,* both of Portland, for defendants.

CAMPBELL, J. On October 2, 1934, there was filed in this court a petition on the relation of Phil Blumauer, praying that process issue out of this court commanding the sheriff of Multnomah county to forthwith arrest certain individuals for violation of a decree of court and bring them before this court at a time to be fixed, to be dealt with as the facts may warrant. This petition is supported by the affidavit of the relator alleging facts amounting to a violation of the decree hereinafter referred to.

It appears from the petition and affidavit of the relator that relator and others, as plaintiffs, filed a complaint in the circuit court of the state of Oregon for Multnomah county on November 5, 1931, against certain defendants of whom defendants herein are the successors in interest, asking that said defendants, their agents, employees and their successors be enjoined and restrained from picketing certain property of plaintiffs.

To that complaint, an answer was duly filed and thereafter the cause came on for trial and resulted in the court entering a decree in which said defendants were enjoined and restrained from doing certain acts of picketing.

Thereafter the cause was appealed to this court and, after hearing, this court rendered an opinion affirming the said decree of the circuit court (*Blumauer et al. v. Portland Moving Picture Machine Operators Protective Union, Local No. 159, et al.*, 141 Or. 399 (17 P. (2d) 1115)) and on January 17, 1933, issued its mandate, which, omitting the formal parts, is as follows:

"It is considered, ordered and decreed that the decree of the court below in this cause rendered and en-

tered, be and the same is, in all things affirmed; and adopted as the decree of this court in this cause.

 *  *  *  *  *

"It is further ordered that this cause be remanded to the court below from which the appeal was taken with directions to enter a decree in accordance herewith."

Thereafter said mandate and decree were duly entered in said circuit court.

To this petition defendants filed a demurrer on the grounds, (1) that this court does not have jurisdiction in the premises; (2) that said petition does not state facts sufficient to constitute a cause of relief in the premises.

The only question presented is: Does this court have jurisdiction, by contempt proceedings, to enforce a decree affirmed by this court on appeal after such decree is entered in the circuit court from which the appeal was taken in obedience to the mandate from this court?

"The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law.  *  *  *" Oregon Constitution, Art. 7, § 1.

"The court, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the supreme court may, in its own discretion, take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings." Id., Art. 7, § 2.

At the time these two sections of Article 7 were adopted, the jurisdiction of the court was fixed by section 6 of the original Article 7 of the constitution prior to its amendment in 1910. The legislature has

passed no law changing the jurisdiction in any respect so far as the matter under consideration is affected.

"The supreme court shall have jurisdiction only to revise the final decisions of the circuit courts;  *  *  *" § 6 of Original Art. 7, Oregon Constitution.

"The decision of the appellate court shall be given and enforced as provided in this section:—

"1. Upon an appeal to the supreme court, its decisions shall be entered in the journal, and the cause remitted by mandate to the court below for further proceedings as therein directed.  *  *  *

"2. If a new trial is not ordered, upon the receipt of the mandate by such clerk, a judgment or decree shall be entered in the journal and docketed in pursuance of the direction of the appellate court, in like manner and with like effect as if the same was given in the court below." Oregon Code 1930, § 7-513.

■ The mandate of this court in a suit in equity directs the lower court to enter the decree of the appellate court and when so entered shall have "like effect as if the same were given in the court below". The effect of the decree entered in the lower court includes all the duties and responsibilities of carrying out and enforcing its provisions. The manner of its enforcement is provided in Oregon Code 1930, §§ 6-301, 6-302.

2. "The question of the period of the jurisdiction of the purely appellate courts is a somewhat intangible one and not to be decided always upon the same principles and considerations as those which regulate the jurisdictions of courts of general jurisdiction having the function not only of trial and judgment but also of execution of the judgment. Though it has been held that the appellate court retains jurisdiction to the end of the term at which the judgment is rendered, notwithstanding the remittitur to the trial court has been issued before the expiration of the terms, yet it seems to be the well-nigh universally recognized rule that, in the ab-

sence of statute making a different provision, the jurisdiction of an appellate court over a given cause terminates whenever, regularly, without inadvertence or fraud, it returns the record to the court of general jurisdiction. This rule apparently rests largely upon the doctrine that when that act is done the jurisdiction of the lower court, which had been suspended meanwhile, becomes reestablished and both courts cannot have jurisdiction over the cause at the same time." 2 R. C. L. 265; 4 C. J. 1244.

3. "This supreme court has no jurisdiction except such as given it by the constitution of the state.   *   *   * The final decision of the Circuit Court was before this court on appeal, at the September term, 1863, and its revisory powers were then exhausted by making a final determination of the case in this court, and sending its mandate to the circuit court, *with directions to carry out its decree." Boon v. McClane,* 2 Or. 331. (Italics ours.)

4. "Under our statute, on an appeal from a decree in a suit in equity, the cause is tried de novo upon the transcript and evidence accompanying it and a final decree rendered here without reference to the findings or conclusions of the trial court." *Powers v. Powers,* 46 Or. 479 (80 P. 1058); Oregon Code 1930, § 7-510.

5. "Counsel assumes that, as the decree below was affirmed in this court, it rests now upon the original decree entered by the lower court; but it is not now the decree of the lower court, *except for purposes of enforcement.* [Italics ours.]   *   *   *   'This confirmation operates to a limited extent as a merger, inasmuch as it concludes the trial court and the parties and absolutely precludes them from modifying or abrogating the judgment affirmed. The authority of the trial court as to all matters involved in the appeal and adjudicated by the judgment there rendered is at an end.' In the case at bar, after findings and decree by the lower court, the suit was appealed, and the cause tried anew here upon the law and the facts. This court rendered its own decree thereon, which upon mandate

of this court, was entered in the lower court *for enforcement* [italics ours] and the original decree rendered by the circuit court thereby became *functus officio,* and the decree of this court is final and not within the power of the lower court to change or modify." *Krause v. Oregon Steel Company,* 50 Or. 88 (91 P. 442, 92 P. 810).

It is unnecessary to pass upon the second ground of defendants' demurrer at this time, and we express no opinion as to whether the facts stated in the petition, if presented to a court having jurisdiction, are or are not sufficient to constitute a cause for relief.

The demurrer will be sustained and the petition dismissed without costs. It is so ordered.