## CUMMINGS *v.* PITTS
(41 P. (2d) 804)

*F. M. Phelps,* of Portland, and *Herman E. Lafky,* of Salem (Phelps & Burdick, of Portland, and Herman E. Lafky, of Salem, on the brief), for appellant.

*Glenn R. Jack,* of Oregon City (Butler & Jack, of Oregon City, and W. H. Morrison, of Portland, on the brief), for respondent.

BAILEY, J. On September 24, 1933, the plaintiff was driving a light Chevrolet truck south on B street

in the city of Canby, Oregon, and at the intersection of that street and Third street collided with an Oldsmobile sedan being driven in a westerly direction on Third street by defendant. The streets are 40 feet wide from curb to curb, with a hard-surfaced strip 16 feet wide in the center.

Plaintiff charges the defendant with numerous acts of negligence, including violation of the basic rule as to control and operation of his automobile. Defendant in turn, by counterclaim, alleges that plaintiff was guilty of negligence in respect to violation of the basic rule and in driving his car "at an unlawful and excessive rate of speed, to-wit, in excess of thirty-five miles an hour". From a judgment in favor of defendant, the plaintiff appeals.

The evidence is conflicting as to the proximate cause of the accident. Defendant testified that when within 75 feet of the intersection he looked to the north on B street, to his right, where the view was unobstructed for at least 250 feet, and did not see plaintiff's car approaching. He then directed his attention to the south and did not see plaintiff's truck coming from the north until it was in the intersection almost directly in front of him and approximately 10 feet distant. His car struck plaintiff's truck near its front end. Defendant testified that he told the plaintiff immediately after the accident: "I didn't see your car." He estimated the speed of plaintiff's truck at "about 35 miles per hour". The defendant's wife testified that she saw the plaintiff's car approaching and told her husband to "be careful".

The impact caused defendant's car to turn around in the intersection, while plaintiff's truck passed on and came to a stop on B street at a distance estimated at 20 to 75 feet beyond the intersection.

During the trial a blackboard was provided for the use of witnesses, to designate the location of residences and other buildings in the vicinity of the intersection. This blackboard is not before us and we are therefore not in a position to state, from the evidence, whether the collision occurred within or without a business or residential district of the city of Canby.

At the close of the trial the defendant requested the court to instruct the jury that if it found that "the accident occurred in a business district, then both automobiles are limited to a speed of 25 miles per hour; if either driver was traveling at a speed in excess of 25 miles an hour, he was negligent as a matter of law". Then followed, in the same requested instruction, the statutory definition of a residence district. This instruction was given, in modified form, as hereinafter appears.

■ The court in charging the jury stated that there were two kinds of negligence: one, "statutory negligence; the other, ordinary negligence, common-law negligence"; and added that the legislature had seen fit to pass the motor vehicle law, embodying certain regulations, "and if you violate those particular provisions, you are guilty of negligence *per se*, that is, of and in itself, or, if you fail to do those things that the legislature says you must do in operating an automobile, you are guilty of negligence." The trial judge then stated that he would read to the jury a few of the laws applicable to the case under consideration, and thereupon gave to the jury the substance of § 19 (a), chapter 360, Oregon Laws, 1931, to the effect that no operator may drive a motor vehicle upon a public highway carelessly or heedlessly in willful or wanton disregard of the rights or safety of others, or without due consideration or circumspection, or at a speed or in

a manner so as to endanger or be likely to endanger any person or property. This was followed by his reading the basic rule, contained in § 20 (a) of the same chapter. Immediately thereafter the court gave this instruction, the giving of which is the basis of plaintiff's only assignment of error on this appeal: " 'In a residence district, maximum speed of 25 miles an hour:' a residence district is defined as follows: 'the territory contiguous to a highway not comprising a business district when the frontage on such highway for a distance of 300 feet or more is mainly occupied by dwellings or by dwellings and buildings in use for business'."

The court next proceeded to instruct the jury as to the right of way at intersections, stating that: "If either one is violating the speed laws, then he can not avail himself of the right of way"; and that "if either party has violated the statement as I read it to you [the law as stated], he would be guilty of negligence and if that negligence was the proximate cause of the collision, he could not recover  *  *  *"

The maximum rate of speed in city residential districts is not 25 miles an hour. Section 20 (b), chapter 360, supra, provides in part as follows: "Any person who drives a vehicle upon a highway at a speed in excess of that indicated as follows for the particular district or location, and who, while so driving, violates the basic rule set forth in subdivision (a) or any provision of §§ 26 to 49, both inclusive, shall, upon conviction, be punished" as therein stated. Then follows a list of "indicated speeds for particular districts or locations". Such indicated speed for residence districts is 25 miles per hour. Nowhere in the statute is it made unlawful to exceed the indicated speed unless there is also a violation of the basic rule or a violation

of some of the provisions of §§ 26 to 49, inclusive, of chapter 360, supra.

In the case of *Kleinschmidt v. Scribner*, 54 Idaho 185 (30 P. (2d) 362), the court, in construing the Oregon law involved in this appeal, said: " 'Indicated speed' has an entirely different meaning from either 'lawful' or 'unlawful' speed; the indicated speed being neither lawful nor unlawful." The Idaho court in that instance further held that the following instruction, No. 7 as given by the trial court, was prejudicial to the defendant in that it implied that to drive at a rate in excess of 45 miles an hour was unlawful: "Outside of business or residence district and except as above limited, it is *lawful* to drive at a speed *not exceeding* 45 miles per hour."

There the court, after quoting that part of the statute under consideration here, relative to indicated speed outside business or residential district, further observed:

"The immediately apparent difference between instruction No. 7 and the foregoing quoted portion of the Oregon law is that the instruction states that it is *lawful* to drive at a speed *not exceeding* 45 miles an hour outside of business or resident district, while the statute merely provides that the 'indicated' speed outside of business or resident districts is 45 miles an hour. The statute neither says that driving not exceeding 45 miles an hour is lawful nor that driving in excess of 45 miles an hour is unlawful. Furthermore, from an examination of that portion of the law providing for penalties for a violation of the speed laws, it appears that driving in excess of an 'indicated' speed does not, in and of itself, constitute a violation of any law, but that there is a violation of the law only when any person driving 'at a speed in excess of that indicated' *'and who, while so driving, violates the basic rule.'* In other words, it is not necessarily unlawful or negligent to drive at a speed in excess of 45 miles an

hour outside of business or resident district, the contrary of which was, in effect, the language of that part of instruction No. 7 complained of."

In *Dickson v. King,* 147 Or. 638 (34 P. (2d) 664), this court said:

"It will be observed from the provisions of our traffic law aforementioned that a violation of the basic rule regulating speed subjects the violator to a penalty, and that a violation of that rule, aggravated by an accompanying violation of the indicated speeds applicable to the district in which he is driving, subjects him to a much greater penalty; but when he drives faster than the indicated speed without violating the basic rule he is subject to no penalty. In other words, one can drive through a residence district at a speed greater than the indicated speed without being subject to a penalty. But even though he is driving within the indicated speed, he subjects himself to a penalty if he is driving faster than the basic rule permits. Our traffic law, therefore, sets no arbitrary limitations upon speed by designating in numerals maximum speeds."

The foregoing quoted excerpts correctly state the law. We hold that in the case at bar the circuit court erred in instructing the jury that the maximum rate of speed permitted in a residence district is 25 miles per hour.

■ The respondent does not seriously question this construction of the statute, but contends that the plaintiff, appellant here, did not make clear to the trial court his objection to the instruction given. In this connection, counsel for plaintiff stated, in answer to the court's question as to whether or not any exception was desired: "Just the one exception in regard to the speed in a residential district." The bill of exceptions sets out in *haec verba* the instruction complained of, with the statement that exception to it was duly taken.

It is apparent from defendant's pleading and from his requested instruction that he was laboring under the impression that "indicated speed" meant "maximum speed". In view of this, the court undoubtedly understood the plaintiff's exception.

It is further contended by respondent that the evidence preponderates in his favor and therefore that the judgment entered on the verdict of the jury ought not to be disturbed. We have considered all the evidence in the case in addition to that hereinabove briefly touched upon, and we are not willing to say that the evidence does preponderate in favor of the defendant or that the giving of the instruction was harmless.

We believe that the instruction here in review was not only erroneous but in view of the facts in the case was prejudicial. The judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

CAMPBELL, C. J., and BEAN and RAND, JJ., concur.