Argued March 29; affirmed April 26, 1938

ZEEK *v.* BICKNELL ET AL.

(78 P. (2d) 620)

Department 2.

*Glen R. Jack*, of Oregon City (Charles T. Sievers, Butler & Jack, and George L. Hibbard, all of Oregon City, on the brief), for appellants.

*Paul R. Harris*, of Portland (Davis & Harris, A. F. Knight, and W. M. Davis, Jr., all of Portland, on the brief), for respondent.

BELT, J.   On November 13, 1936, William A. Zeek, while walking in a westerly direction across a four-lane super-highway in the city of Milwaukie, Oregon, was struck and killed by an automobile driven by the defendant Bicknell and owned by the defendant Merwin. Evidence on behalf of the plaintiff tends to show that the automobile was traveling between 55 and 60 miles an hour, while the evidence of the defendants places the speed at 35 miles an hour. The evidence is also in conflict as to whether the decedent was in the regular pedestrian crossing or about 10 feet south of the same at the time he was struck.

The cause was submitted to a jury and verdict returned in favor of both defendants. Judgment was entered accordingly. On motion of the plaintiff, the court made an order setting aside the judgment and granted a new trial. Defendants appeal.

The motion for a new trial is based upon nine assignments of error, viz:

"(1) Instructions by the Court upon the question of the indicated speed involved or applicable in the within case, and particularly the instruction by the court to the effect that the indicated speed applicable was forty-five miles an hour.

"(2) Instruction by the Court to the effect that the Legislature had indicated a speed of forty-five miles an hour at the time and place of the accident in question, and that the Legislature thought this was a reasonable speed for the district involved."

The remaining seven assignments are based upon the failure of the court to give certain instructions requested by plaintiff.

The trial court, in its order, did not recite any specific ground for granting a new trial. Hence, if any of the grounds set forth in the motion are tenable, this court must sustain the order. Error will not be presumed and it is incumbent upon the appellants to show that none of the grounds specified in the motion is well taken: *Cicrich v. State Industrial Accident Commission*, 143 Or. 627 (23 P. (2d) 534) ; *Karberg v. Leahy*, 144 Or. 687 (26 P. (2d) 56). In appellants' opening brief, it is observed that only two grounds (Assignments of Error Nos. I and II) are discussed, as counsel for appellants state that the court "allowed the new trial upon a recognition of these two alleged errors", although it is conceded that the record does not affirmatively so indicate. The proper practice requires presentation in the opening brief of each of the nine grounds set forth in the motion for new trial. Failure to follow such procedure results in waiver of the grounds not discussed. If the rule were otherwise, the respondent would be placed at a great disadvantage in not having brought to the attention of this court error committed which—

although not discussed—would justify a new trial. In view of the conclusion that prejudicial error was committed in the instructions of the court which appellants have discussed in their opening brief, the rule above stated will not be invoked.

The trial court thus instructed the jury relative to indicated speed:

*"At the point in controversy the indicated speed is forty-five miles an hour. That is, the legislature has passed a law making specific allowance of forty-five miles an hour. That is their idea of what is reasonable in places where it is not a residential section or business section.* But that does not mean a motorist has to drive that fast. You have to take that in connection with the basic rule. That is, what is reasonable and prudent, having due regard to the traffic, surface and width of the highway and the hazard at intersections and any other conditions then existing. In some cases maybe ten miles would be too fast, and in other cases sixty would not be. You take the situation from the evidence whether the defendants were going too fast." (Italics ours.)

Prior to the above instruction, the court stated the basic rule in the language of the statute (§ 55-2201, Oregon Code Supplement 1935) as follows:

"No person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway and the hazard at intersections and any other conditions then existing."

Section 55-2201 thus provides the penalty for such violation:

"Any person convicted of a violation of the above basic rule, unless such violation occurs under the conditions of subdivision (b) of this section, shall be punished by a fine of not to exceed twenty-five dollars ($25.00), or by imprisonment for not to exceed five (5) days, or by both such fine and imprisonment."

In Section 55-1901, Oregon Code Supplement 1935, "business district" and "residence district" are thus defined:

"(x) 'Business District'. The territory contiguous to a highway when fifty (50) per cent or more of the frontage thereon for a distance of six hundred (600) feet or more on one (1) side or three hundred (300) feet or more on both sides is occupied by buildings in use for business.

"(y) 'Residence District'. The territory contiguous to a highway not comprising a business district when the frontage on such highway for a distance of three hundred (300) feet or more is mainly occupied by dwellings or by dwellings and buildings in use for business."

The indicated speed for a business district is 20 miles an hour. The indicated speed for a residence district is 25 miles an hour, while the statute further provides that 45 miles an hour is the indicated speed "outside of business or residence district, except as otherwise limited by this act". Any person who violates the indicated speed rule and while so driving also violates the basic rule,

"shall   *   *   *   be punished by a fine of not to exceed one hundred dollars ($100) or by imprisonment not to exceed ten (10) days, or by both such fine and imprisonment."

The Uniform Act Regulating Traffic on the Highways (Laws of Oregon for 1931, chapter 360, §§ 55-1901 to 55-2808, inclusive, Oregon Code Supplement 1935) is substantially the same as that submitted to the various states for adoption, by the National Conference of Commissioners on Uniform State Laws, in 1926, and revised by the Conference in 1930. Relative to "indicated speeds" for a particular district or location, it is, aside from the matter of penalties for violation thereof, the

same in our traffic act as in the uniform act submitted by the National Conference. The statement of the basic rule is also identical. It is noted, however, that the various states, with the exception of Oregon, which have patterned their vehicular traffic acts after the one proposed by the National Conference have departed therefrom in reference to "indicated speeds" by providing in substance that driving in excess of a specified speed constitutes negligence or prima facie evidence of negligence. All the states listed in Vol. 11 of Uniform Laws Annotated (1938) as having adopted the Uniform Act Regulating Traffic on Highways have, with the exception of Oregon, enacted statutory rules concerning speed in certain districts or locations and have made a violation thereof either unlawful or evidence of negligence.

In Arkansas, the statutory rule with reference to speed in certain districts or locations is as follows:

"Where no special hazard exists the following speeds shall be lawful but any speed in excess of said limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful." Pope's Digest, 1937, § 6709(b).

The same statutory language is used in Colorado (Laws 1935, Art. VI, § 74(b)); Kansas (Laws 1937, ch. 283, § 32(b)); and North Carolina (Public Laws 1937, ch. 407, § 103(b)).

The Delaware statute, Rev. Code 1935, § 5621 (83), provides:

"If the rate of speed of a motor vehicle operated on any highway within the State exceeds * * * such rate of speed shall be deemed prima facie evidence that the person operating such motor vehicle is operating the same in violation of the provisions of this act."

The statutes of Idaho (Code 1932, § 48-504); Michigan (Comp. Laws 1929, § 4697(5)); Nebraska (Laws 1931, ch. 110, § 4(b)); New Mexico (Comp. Stats. 1929, § 11-804(b)); North Dakota (Laws 1927, ch. 162, § 4(b)) and South Dakota (Comp. Laws 1929, § 8636 (4b)), state the rule as follows: ·

"Subject to the provisions of subdivision (a) [basic rule] of this section and except in those instances where a lower speed·is specified in this act, it shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe it shall not be lawful.

      *       *       *       *       *

"It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations except as provided * * *."

Iowa (Laws 1937, ch. 134, § 316) condenses the rule into the following:

"The following shall be the lawful speed except as hereinbefore or hereafter modified and any speed in excess thereof shall be unlawful."

Minnesota (Laws 1937, ch. 464, § 28(b)):

"* * * Any speed in excess of the maximum speed * * * as herein provided shall be prima facie evidence that the speed is not reasonable nor prudent and that it is unlawful."

Utah (Rev. Stat. 1933, § 57-7-16 (2)):

"No person shall drive a vehicle upon a highway at a speed in excess of that indicated below for the particular district or location."

The legislature of this state did not see fit to follow the decided trend of legislation in other states and provide that any person driving in excess of a specified speed should be deemed guilty of negligence or, at least, that such conduct would be prima facie evidence of negligence.

In this state it is not unlawful nor negligent for a person to drive in excess of the indicated speed as set forth in our uniform traffic act unless, while so doing, he violates the basic rule. It is, however, negligent and unlawful to drive in violation of the basic rule. When both the basic rule and the indicated speed rule are violated, an added penalty is imposed.

As was stated by this court in *Dickson v. King*, 147 Or. 638, (34 P. (2d) 664):

"It will be observed from the provisions of our traffic law aforementioned that a violation of the basic rule regulating speed subjects the violator to a penalty, and that a violation of that rule, aggravated by an accompanying violation of the indicated speed applicable to the district in which he is driving, subjects him to a much greater penalty; but when he drives faster than the indicated speed without violating the basic rule he is subject to no penalty. In other words, one can drive through a residence district at a speed greater than the indicated speed without being subject to a penalty. But even though he is driving within the indicated speed, he subjects himself to a penalty if he is driving faster than the basic rule permits. Our traffic law, therefore, sets no arbitrary limitation upon speed by designating in numerals maximum speeds. Speed, under our law, is an aggravating circumstance which affects the penalty, but the subject matter of the offense is the absence of due care. The distinction of which we have taken note is one *that pertains to the criminal features of the driver's conduct but has no application to the tortious features of it when the doctrine of negligence is invoked* and accepts the standards fixed by the statute as the yardstick prescribing the measure of care exacted by the motorist." (Italics ours.)

The court is not unmindful that, in *Dickson v. King*, supra, an order granting a new trial was sustained because the trial court failed to instruct the jury

concerning indicated speed. In that decision we did not state that it was necessary that trial judges should give to juries in civil actions the indicated speeds. The decision left the matter optional, dependent upon whether the trial judge believed that he could make the meaning of the basic rule clear by reference to the indicated speeds. It assumed that the legislature thought that a "reasonable and prudent" speed was somewhat abstract and, hence, the indicated speeds were added by way of illustration to make the basic requirements clearer in the instances to which they were applicable. But, since in actual practice misunderstanding and confusion have arisen, we believe that it is better to omit from instructions in negligence actions all mention of the indicated speeds. Accordingly, instructions ought to define the meaning of the basic rule and omit mention of the indicated speeds.

■ The basic rule is applicable and no instructions based on indicated speed can be reconciled therewith. Whether defendant was guilty of negligence in driving the automobile at the time and place in question is determined not by "ordinary circumstances" but rather by the standard of care that an ordinarily prudent person would have exercised under all the existing facts and circumstances. Defendant, in driving the automobile, was obliged to exercise the degree of care commensurate with the danger involved which, after all, is nothing more nor less than a statement of the essence of the basic rule.

In view of the conclusion that the statutory rules relative to indicated speed are inapplicable to this kind of action, it is not necessary to consider the question as to whether the accident occurred in a business district or in a residence district. On retrial, the parties will,

of course, be permitted to show all the existing facts and circumstances pertinent to the issue of negligence as determined by the "basic rule".

The instruction in the instant case relative to indicated speed, aside from being inapplicable, was misleading and prejudicial to the plaintiff. The trial court was correct in ordering a new trial. In the light of what has been said, it is not necessary to discuss other assignments.

The judgment of the lower court is affirmed.

RAND, ROSSMAN, and BAILEY, JJ., concur.