**SWIDERSKI v. MOODENBAUGH.**

No. 10620.

Circuit Court of Appeals, Ninth Circuit.

May 31, 1944.

Rehearing Denied Aug. 14, 1944.

BOWEN, District Judge, dissenting.

———◆———

See also 44 F.Supp. 687; 45 F.Supp. 790.

Reuben G. Lenske, of Portland, Or., for appellant.

Hampson, Koerner, Young & Swett and James C. Dezendorf, all of Portland, Or., for appellee.

Before STEPHENS and HEALY, Circuit Judges, and BOWEN, District Judge.

STEPHENS, Circuit Judge.

This is an action in tort in which the defendant in the district court prevailed, and the plaintiff in the action appeals to this court from the judgment.

It is agreed that damage resulted to appellant from a collision of two automobiles, one being driven by appellant, the other by appellee, on an Oregon public highway. The accident occurred just before midnight on the 22nd of July, 1941. Negligence of appellee is claimed to the effect that at nighttime he carelessly, without control of his automobile, without proper lookout for on-coming traffic, and with but one headlight lighted, drove his automobile at an excessive speed and upon the left side of the highway. Appellee alleged contributory negligence on behalf of appellant.

At a pre-trial hearing the following was agreed to by both parties:

" * * * it is agreed by the parties that the designated speed at the place of accident was 25 miles per hour. It is the contention of plaintiff that defendant was driving in excess of 25 miles per hour and that under Section 115-320, O.C.L.A. the fact that defendant was driving in excess of 25 miles per hour, if proved, is prima facie evidence of negligence on the part of defendant. It is the position of defendant that he was not violating the basic rule and even if he was driving in excess of 25 miles per hour that would not be prima facie evidence of negligence under the doctrine of Zeek v. Bicknell, 159 Or. 167, 78 P.2d 620, which is to the effect that the statutory designated speeds are not relevant in negligence cases and that it is improper to submit to the jury the designated speed."

In the trial of the case before court and jury the court instructed the jury upon negligence and contributory negligence but made no mention of the legally designated speed at the point of the collision.

Upon the conclusion of the instructions counsel for appellee addressed the court as follows:

"Mr. Lenske [attorney for plaintiff-appellant]: I except to that portion of the instructions relating to speed and ask the court to instruct that the designated speed at the place of the collision, under the Oregon Statute, is twenty-five miles per hour, and that if either of the parties was driving his automobile at a greater speed than twenty-five miles per hour, such fact is prima

facie evidence of negligence on the part of such driver; which, however, is not conclusive and can be overcome by other evidence. That is the only exception I have."

The Court replied: "Exception is granted."

There was evidence in the case to the effect that appellee was exceeding the maximum speed immediately before the collision. The appellant states that the sole issue here is whether or not omission to instruct as to legal speed is reversible error. However, another question necessarily arises: Is appellant precluded from raising the above issue since he did not tender a written instruction upon the subject of Mr. Lenske's exception?

▮ We think it is not. It of course has been the practice for each party to submit desired instructions to the court in writing in advance of the trial's conclusion in order that the court may have an opportunity to review them, and ordinarily error will not be premised on the failure to give an instruction where the practice has not been followed.[1] Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, reads as follows:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

It is readily seen that this rule does not specifically require that the practice referred to shall be followed.

In the instant case, as is revealed in the pre-trial order, the court was well aware of plaintiff's contention. What is more, the transcript of the trial proceedings, from the time the court began to instruct the jury to the time of the submission of the case to the jury, unmistakably shows that the court was of the opinion that an instruction such as was orally proposed by appellant would have been against law. While it would have been the better practice for appellant to submit his desired instruction in writing in advance, in the circumstances of this case it cannot be said that the court was at all surprised because of the delayed request. Moreover, it is quite certain that the failure to give the orally requested instruction was not at all because it was requested orally and too late. At about the time appellant was making his request, appellee made a request for an addition to an instruction given by the court. Immediately upon being convinced of the correctness of appellee's suggestion, the court prepared the addition and called the jury back to receive it. Had the court regarded appellant's request as legally right, he would have followed the same course as to it. We hold that appellant did not lose the point.

We consider whether or not such an instruction should have been given. To understand the problem, it will be necessary to state that the Oregon traffic law provides a punishment for any person who violates the so-called "Basic Rule" in regard to the operation of automobiles on the highways. The basic rule is stated in Chapter 360, § 20, of the 1931 Oregon Session Laws as follows:

"No person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway and the hazard at intersections and any other conditions then existing."

This was the state of the law when the case of Zeek v. Bicknell, 159 Or. 167, 78 P. 2d 620, was decided. It was held in that case that the admission of evidence of the designated maximum speed in a collision case was reversible error. The law just quoted remains substantially the same except that after the Zeek-Bicknell decision and before the accident in the instant case an addition to this law was made as follows:

"Any person who drives a vehicle upon a highway at a speed in excess of that designated by this act * * * shall, upon conviction, be punished * * *; provided that any speed in excess of said desig-

---

[1] The reason for the practice is present in each one of the cases cited upon the point in defendant's brief: Puget Sound Power & L. Co. v. Public Utility Dist. No. 1, 9 Cir., 123 F.2d 286, 291; Dallas Ry. & Terminal Co. v. Sullivan, 5 Cir., 108 F. 2d 581, 584; Franz Corporation v. Fifer, 9 Cir., 295 F. 106, 108.

nated speeds shall be prima facie evidence of a violation of subsection (a) [the basic rule] of this section." O.C.L.A. § 115-320 (b).

It would appear then that prior to this addition to the traffic law the violation of an indicated maximum speed was not of itself any evidence of negligence but that after this addition the violation constituted prima facie evidence of negligence.

 Appellee argues that this change of the law could make no difference since it is inherent in the verdict arrived at in this case that the jury found appellant had swerved over on appellee's side of the straightway road and had collided with appellee's car, and that prima facie evidence of appellee's excessive speed in such circumstances would be wholly without significance. We think the assumption upon which the argument is built is unsound and the conclusion erroneous. It is inherent in the jury's verdict that it found no negligence upon the part of appellee which was the proximate cause of the accident or, if it did find such negligence and such proximate cause, that appellant was guilty of contributory negligence. Examples could be given which would demonstrate that the jury's conclusions might have been different had the members been told by the court that a speed greater than twenty-five miles per hour by either party would have been illegal and that upon the proof of such illegal speed this fact would be evidence of negligence. We hold that the court in effect refused to give such instruction and that such refusal constitutes reversible error.

Reversed.

BOWEN, District Judge (dissenting).

I think the District Court should be affirmed. The oral request for an instruction on statutory designated speed and the effect of excessive speed made by appellant for the first time at the close of the court's instructions to the jury came too late and was in disapproved form. Not to so hold seems to me to unjustifiably fail to apply the long line of federal court decisions requiring that requests for instructions be made in writing before the court instructs the jury. (See footnote 1 of the majority opinion for examples of such cases.)

The ruling of the majority here, in my opinion, originates the impractical theory that the setting up in the pre-trial order of the issue of designated speed and excessive speed as one of the issues to be tried has the effect of placing on the trial judge the burden of himself formulating a proper instruction and instructing the jury on that issue without request from either side. I disagree with that theory and do not think it is applied in practice. Often in the trial of cases both sides prefer that the court do not instruct the jury on one or more of the issues however material, because of later developments or of some particular policy of one side or both sides in the trial. If the trial judge goes ahead and instructs without request, either side or both sides may be dissatisfied either with the giving of the instruction or with the instruction's form as given by the judge. In any event the attorneys should not by holding back their own effort be permitted to thereby place on the trial judge the burden of formulating an instruction acceptable to the parties on an issue as to which they through preference or inattention do not timely request an instruction.

These reasons call for an affirmance of the trial court whose action in this case was in keeping with the long approved and firmly settled trial practice in the federal and other courts.