452

Argued July 7, affirmed August 10, 1960

## HOLMAN *v.* BARKSDALE ET AL

354 P. 2d 798

*G. W. Kellington,* Medford, argued the cause for appellant. On the briefs were Roberts, Kellington & Branchfield.

*Hugh B. Collins,* Medford, argued the cause for respondents. With him on the brief was Stanley C. Jones, Jr., Medford.

PERRY, J.

The plaintiff Walter D. Holman as administrator of the estate of Gary Dean Holman, deceased, brought this action against the defendants to recover damages for the death of Gary Dean Holman. The deceased was riding as a guest of the defendant Richard Jennings Barksdale in a Jeep automobile when it overturned. A trial resulted in a verdict by the jury for the defendants and the plaintiff appeals.

The facts of this case disclose that defendant Richard Jennings Barksdale was at the time of the accident of the age of 17 years; that on August 1, 1957, he was driving a Jeep automobile from Ashland, Oregon, toward the home of a Mr. and Mrs. Edwards northeast of Medford; that accompanying him was Gary Dean Holman, a friend of about the same age. The route taken was over an asphalt surfaced road 18 feet wide, known in the vicinity as the "North Phoenix" road, which apparently terminates when it connects in a sharp curve with Hillcrest road.

The evidence of the defendant Richard Jennings Barkdale is that he had been over this road on several previous occasions; that on this day he was approaching this curve where the roads meet from a southerly direction at an estimated speed of 40 miles per hour; it was broad daylight (7:30 a. m.), the sun was shining, and the pavement was dry; that coming from the south the curvature is to the west. Defendant stated: "At the latter part of the turn it [the Jeep] started to skid, at the end of the turn. * * * It

started to skid—I saw it start to skid sideways, and it started to skid toward these mail boxes, and in order to avoid them I turned it back, and that's when it happened." His statement to a police officer who interviewed him the same day of the accident is as follows:

"* * * In effect, he [Richard Jennings Barksdale] stated that 'I had been coming towards Medford on the North Phoenix Road. I am not sure of my speed for I did not look at my speedometer. I would judge my speed to be around forty miles per hour and no faster, for I know about the speed the jeep runs. I was not meeting any car and as I came to the curve I took the inside and after I was around the curve, it seemed like my tires started sliding. As I came to the mail boxes I turned my steering wheel to the right to bring the jeep around and it started sliding again. The jeep then rolled clear over on my left and both me and my friend were dumped out and we were lying side by side. The jeep cruises or runs smoothly at forty miles per hour.'"

The physical facts disclose a skid mark 126 feet 2 inches made by a tire of the Jeep. This mark commenced in the defendant's right lane of travel on the straightaway, continued into the curve, and on a short distance out of the curve into the left lane of travel. There were gouge marks in the pavement 21 feet beyond the termination of the skid marks and the Jeep came to rest on its wheels 25 feet from these gouge marks south of the Hillcrest road.

The plaintiff assigns as error certain instructions given by the trial court. However, should we assume the trial court did err as contended by plaintiff this cause should not be returned for a new trial.

The plaintiff in this case was required to estab-

lish by a preponderance of the evidence that the defendant Richard Jennings Barksdale in the operation of the Jeep automobile was guilty of conduct which would authorize a guest passenger to recover from his host. ORS 30.110. The evidence which we have set out in its most favorable light for the benefit of the plaintiff falls far short of establishing that the host driver operated the vehicle in reckless disregard of the guest's safety. *Williamson v. McKenna,* 223 Or 366, 354 P2d 56.

The only reasonable conclusion that can be drawn from all of the evidence is that the defendant Richard Jennings Barksdale started to enter the curve at a speed that was greater than reasonable or proper considering the degree of curvature; that realizing this, he applied the brakes, but control of the car was lost and it was overturned, resulting in the regrettable death of Gary Dean Holman.

There is not the slightest evidence from which reasonable minds could deduct an inference that the driver intended to enter and try to negotiate the intersection at a speed that would endanger the safety of his guest.

Since, under all of the evidence in this case, the trial court should have sustained the defendants' motion for a directed verdict, any error in the instructions given were harmless, and the judgment entered was such as should have been entered. *Dickson v. King,* 151 Or 512, 49 P2d 367.

The judgment is affirmed.

SLOAN, J., specially concurring.

I have already expressed my disagreement with the majority in respect to the guest cases. *Burghardt*

*v. Olson,* dissent, 1960, 223 Or 155, 349 P2d 792. This case is not different.

The real issue presented to the court involved instructions given by the trial court. The instructions, as given, were in error and, if considered, would probably have required reversal. Instead, however, this court again retries the facts. The case should be left to the jury.

However, the majority have now fully adopted the theory of *Williamson v. McKenna,* 1960, 223 Or 366, 354 P2d 56. I still disagree with the rule adopted by *Williamson* and think that to follow that decision requires unnecessary factual consideration of the guest cases. Nevertheless, I have no recourse but to follow the rule adopted by the majority.

No point would be gained by a continued course of dissent or special concurrence. Consequently, I will concur in this case. In most of the others that will follow I will concur with unnoted compulsion.