Argued June 2; affirmed July 18; rehearing denied
September 12, 1933

## DAVIS *v.* W. H. PUCKETT CO.

(23 P. (2d) 909)

*John H. Carson* and *Wallace P. Carson,* both of
Salem (Carson & Carson, of Salem, and Karl Paine,
of Boise, Idaho, on the brief), for appellant.

*Robert F. Maguire,* of Portland, for respondent.

KELLY, J. Two causes are set forth in plaintiff's
amended complaint. The first is based upon an alleged
partial performance of an alleged contract by plaintiff
to furnish defendant three trucks and the necessary
drivers required in hauling materials for certain road
work on that part of the Santiam highway extending

from Detroit, Oregon, south a distance of approximately ten miles.

The second is based upon an alleged breach by defendant of said alleged contract in preventing a full performance thereof on plaintiff's part.

Four assignments of error are argued. The first assignment urges that the trial court erred in charging and instructing the jury as follows:

"If you should determine by a preponderance of the evidence, that the plaintiff is entitled to prevail, then in determining what such profits would have been, you will take into consideration all the evidence in the case. If it was the contract between plaintiff and defendant that plaintiff should have three trucks in question on the job and do such hauling, and that they were each to be employed two shifts of eight hours each and every day, and that the rate of compensation was $3.00 an hour except for those times over one hour in each case when the shovels were broke down, then you will compute the total number of hours at the rate per hour, from this you must deduct plaintiff's cost of labor, gasoline, tires, grease and other expenses as you find them to be from the testimony. The difference so arrived at would be the measure of damages and your verdict in the second cause of action in that event would be in that amount."

The fourth assignment argues that the court erred in instructing the jury as follows:

"The plaintiff sues upon two alleged causes of action, the first for a claim for compensation which he says he earned between the 23rd day of May, and the 26th day of June, 1931, and which he says he has not as yet received from defendant. As to that cause of action, if you find from a preponderance of the evidence that plaintiff and defendant entered into the contract described in plaintiff's complaint, then you should compute and determine what amount, if any, plaintiff should receive under the schedule in the

contract, and what in fact he received, and your verdict would then be for the difference.''

■ We are met by the objection on plaintiff's part that the record of defendant's exceptions to the above instructions is insufficient to present the question submitted by defendant. The bill of exceptions discloses that to the giving of said instructions defendant duly excepted, which said exceptions were thereupon duly noted and allowed by the trial court. The transcript of the record, which is attached to and made a part of said bill of exceptions, discloses that following the giving of the court's charge to the jury in addressing the court, the counsel for defendant said:

''Defendant excepts to the giving by the court of plaintiff's requested instruction No. 4 as modified, if modified.''

And said counsel for defendant also said:

''Defendant excepts to the giving by the court of plaintiff's requested instruction No. 2 as modified, if modified.''

In this way only were exceptions saved upon which assignments of error numbers one and four are based. These exceptions fail to show any grounds for defendant's alleged assignments of error. These exceptions do not disclose wherein the instructions were alleged to be incorrect or insufficient, and did not give the trial court an opportunity to correct the error, if any, by amplifying the instructions or eliminating objectionable matter. For these reasons we do not feel warranted in considering the objections now urged thereto. Section 2-702, Oregon Code 1930; *Campbell Co. v. Corley,* 140 Or. 462 (3 P. (2d) 776, 13 P. (2d) 610); *Lott v. DeLuxe Cab Co., Inc.,* 136 Or. 349 (299 P. 303); *Blanchard v. Makinster,* 137 Or. 58 (290 P. 1098, 1 P. (2d) 583); 14 R. C. L. 795, 808, 809.

■ The second assignment of error urges that the court erred in failing to give to the jury the following instruction requested by the defendant:

"If you find from a preponderance of the evidence that the allegations of paragraph III (three) and IV (four) of the defendant's first separate defense herein, reading as follows: (Here the court is respectfully requested to read such paragraphs at length) are true, then, and in that event, you are instructed to allow the plaintiff nothing more on account of his said first cause of action than said sum of $726.28, together with said interest thereon at said rate of 6 per cent per annum from June 27, 1931, until paid."

It will be noted that the foregoing request is incomplete and could be rendered complete only by reference to the pleadings. We are unwilling to approve that manner of preferring requested instructions. We think that the trial court ought not to be required to have recourse to other parts of the record in order to understand the purport of instructions requested in writing. Moreover, we feel that the matter set forth in the requested instruction, interpreted in the light of the reference therein made to the pleadings, was substantially given in the general charge.

■ The third assignment claims error by the trial court in overruling defendant's objection to the introduction of evidence of one Arthur W. Clark, a witness in behalf of plaintiff, who testified as follows:

"A. No, Mr. Davis come to me and told me he had a job and would like for me to go on it.

"Q. All right, tell the terms of your agreement of hiring, and how long as to number of hours, that is, hours a day, and days a week, and how long a period?"

The objection to the foregoing testimony was made in the following language:

"Mr. Paine: For the purpose of the record we object as incompetent, irrelevant and immaterial, not tending to prove or disprove any issue in the case."

It will be noted that the objection was not based upon the ground that the testimony was in the nature of a self serving declaration. It may be plausibly argued that the foregoing testimony tends to disclose partial performance by plaintiff of the alleged contract in securing necessary assistance therefor; and, in the face of such argument, we are unwilling to hold that reversible error was committed by receiving such testimony.

No reversible error being shown, the judgment of the circuit court is affirmed.

CAMPBELL, BELT, and ROSSMAN, JJ., concur.