Argued February 15; affirmed February 20, 1940

# COOK *v.* RETZLAFF

(99 P. (2d) 22)

In Banc.

*James Arthur Powers*, of Portland, for appellant.

*Paul R. Harris*, of Portland (Goldstein & Harris and David H. Fertig, all of Portland, on the brief), for respondent.

BAILEY, J. This action was brought by Patricia Cook, a minor, through her guardian *ad litem*, against Gladys E. Retzlaff, for the recovery of damages for injuries suffered by the plaintiff as the result of a collision between the motorcycle on which she was riding as a passenger and an automobile driven by the defendant. From judgment entered on a verdict in favor of the plaintiff the defendant appeals.

Three assignments of error are set forth in the appellant's brief. They have reference to exceptions to instructions given by the court and the failure of the court "to instruct the jury as to the basic rule or [to give] any instruction as to the speed" of the motorcycle. The exception taken by the defendant is in the following language:

"If the court please, defendant would like to take exception to the giving of plaintiff's requested instructions number five and number ten and failure to instruct that if the jury found that the accident was the sole result of the motorcycle driver's negligence, then the plaintiff could not recover."

The accident in which the plaintiff was injured occurred July 17, 1938. The plaintiff, then seventeen

years of age, was being transported on a motorcycle in a general easterly direction on northeast Broadway, a through street in the city of Portland, Oregon. The defendant was driving in a northerly direction on northeast Fifteenth avenue. The collision occurred at the intersection of those two streets.

Numerous charges of negligence are made against the defendant, among them the following: that the defendant failed to stop her automobile before entering northeast Broadway; that she failed to keep a proper lookout; that she failed and neglected to have her automobile under proper control; that she was operating the automobile at a dangerous and reckless rate of speed; and that she failed to look out for and yield the right of way to the motorcycle on which the plaintiff was riding. The injuries suffered by the plaintiff are specified in detail and alleged to be of a permanent nature.

The defendant's answer, after admitting that the collision occurred between the automobile driven by the defendant and the motorcycle on which the plaintiff was riding, denies the other allegations of the complaint and alleges affirmatively that if the plaintiff was injured as alleged, "it was through no fault or carelessness on the part of this defendant but was the result of the sole negligence on the part of the motorcycle operator with whom plaintiff was riding and in which negligent acts on the part of the motorcycle operator, the plaintiff acquiesced and adopted as her own." The answer then sets forth specific charges of negligence on the part of the motorcycle operator.

The plaintiff presented to the court fifteen requested instructions. No instructions were requested by the defendant, except that prior to the court's charge to the

jury her counsel asked orally, in general terms, for an instruction as to the basic rule. A further request may be implied from the exception, hereinabove quoted, taken by the defendant, with reference to the court's "failure to instruct" the jury relative to the accident as "the sole result of the motorcycle driver's negligence."

The court's charge to the jury covered some eighteen typewritten pages of the transcript. After outlining the issues made by the pleadings the court proceeded to instruct the jury as to the law of the case.

The two instructions designated by the appellant as numbers five and ten are both responsive to the issues raised by the pleadings. One of them has reference particularly to the question of whether or not the plaintiff was chargeable with contributory negligence so as to be barred of recovery. The other refers to the duty of the driver of a motor vehicle to stop before entering a through street, and the care to be exercised by the driver upon entering such street. These instructions are too lengthy to be set out in this opinion and no good purpose would be served by so doing, inasmuch as the exceptions taken to them are insufficient upon which to predicate error.

■ The exceptions taken by the appellant, as hereinabove quoted, are general and not specific. They are insufficient in that they did not call to the trial court's attention in what particulars the instructions given were incorrect or insufficient, and did not give that court an opportunity to correct its error, if any, by amplifying the instructions or eliminating therefrom objectionable matter: *Davis v. Puckett Co.*, 144 Or. 332, 23 P. (2d) 909, and authorities therein cited: *Lee v. Hoff*, ante p. 374, 97 P. (2d) 715.

Due to the insufficiency of the exceptions taken in the circuit court we are not called upon to consider the objections now directed to the instructions. There is no such misstatement of the law applicable to this case apparent in the instructions as to obviate the necessity of specifying the grounds of objection.

■ The appellant excepted to the failure of the trial court "to instruct that if the jury found that the accident was the sole result of the motorcycle driver's negligence, then the plaintiff could not recover." The court in this connection instructed the jury as follows: ·

"You are instructed that it is claimed by the defendant that the accident was the result of the sole negligence on the part of the motorcycle operator with whom plaintiff was riding. Of course, if this is true, your verdict would have to be in favor of the defendant."

The court further instructed the jury that unless it found "that the defendant was guilty of negligence in one or more, at least one of the matters in issue, which has been set out in the complaint, and that such negligence was the proximate cause of the accident," then the plaintiff could not recover. If the defendant thought that the instruction as given by the court did not fully cover the issue of negligence on the part of the motorcycle operator, it was her duty to point out to the court in what respects the instruction was insufficient.

■ The court also charged the jury as follows:

"You are instructed that it is provided by the laws of the state of Oregon that no person shall drive a vehicle upon the highway at a speed greater than is reasonable and prudent, having due regard for the traffic, surface and width of the highway, and any other conditions then existing."

This instruction is in almost the identical language of the first paragraph of subdivision *a*, § 55-2201, Ore-

gon Code 1935 Supplement, known as the basic rule. Had the defendant desired any further instruction given in regard to the basic rule, a specific request therefor should have been made to the court.

■ The respondent argues that there was no probable cause for this appeal and that it is therefore the duty of this court, under § 7-514, Oregon Code 1930, to require of the appellant payment of an additional ten per cent of the amount of the judgment. The court, however, does not consider this a frivolous appeal, such as to justify the imposition of a penalty.

We find that the trial court committed no error, and the judgment is affirmed.

BEAN, J., not sitting.