Argued January 6; affirmed January 20, 1948

# MERCER *v.* RISBERG

188 P. (2d) 632

*C. S. Emmons,* Assistant Attorney General, of Albany (with George Neuner, Attorney General, of Salem, on brief), for appellant.

*Hugh L. Biggs* and *Richard Devers,* of Portland (with Hart, Spencer, McCulloch and Rockwood, of Portland, on brief), for respondent.

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY, BAILEY and HAY, Justices.

BELT, J.

This is an action to recover damages for an alleged wrongful death resulting from an automobile collision at the intersection of S. W. Front avenue and Stark street in the city of Portland. Plaintiff's decedent, Robert P. Mercer, was driving his Plymouth coupe south on S. W. Front avenue—an arterial six-lane highway. Decedent was in the middle lane of the right

side of the highway. There is conflict in the evidence as to the rate of speed decedent was traveling as he approached the intersection. It varies from 20 to 35 or 40 miles per hour. The pavement was dry and the accident resulting in Mercer's death occurred about 1:30 o'clock in the afternoon on August 2, 1945. Defendant's one and one-half ton truck drove north on the inner lane of the eastern half of the highway and turned left to enter Stark street when the collision occurred about in the center of the intersection. There is conflict in the evidence as to whether the truck stopped before entering the intersection. There is evidence tending to show that both vehicles reached the intersection at approximately the same time.

Defendant was charged with negligence in that he: (1) Failed to yield the right of way at the intersection; (2) failed to keep a proper or any lookout for other vehicles; (3) failed to keep his truck under proper or any control; (4) failed to stop or otherwise operate his truck so as to avoid striking the car of the decedent. Defendant, as an affirmative defense, alleged that the decedent was guilty of contributory negligence in that he: (1) Drove his car at an excessive speed; (2) failed to keep proper lookout for other traffic; (3) failed to keep his automobile under control; (4) failed to yield the right of way to defendant's truck; (5) failed to "stop, swerve or otherwise avoid colliding with defendant's truck"; (6) "failed to drive in the lane nearest to the right hand edge or curb of the highway when it was available for traffic." The cause was submitted to a jury and a verdict was returned in favor of the defendant.

Plaintiff asserts that error was committed in giving the following instruction:

"I instruct you therefore that if you find that

the intersection of Front Avenue and Stark Street is within a business district as I have just defined that term for you, then the indicated speed for the district is twenty miles per hour. If you further find that Robert P. Mercer at the time of the accident was traveling in excess of twenty miles per hour he would be prima facie guilty of negligence, and you would be justified on such evidence alone in finding that he was guilty of negligence in traveling at an excessive and unreasonable rate of speed. If you do so find, and further find that such speed was a proximate cause of the accident, your verdict should be against the plaintiff and in favor of the defendant."

To the above instruction, plaintiff took the following exception:

"Plaintiff excepts to this entire instruction on indicated speed and to the instruction that exceeding the indicated speed would constitute negligence per se and would be prima facie evidence of violation of the basic rule, for the reason that such is not the law applicable to a civil action based on negligence, and in view of the Court's failure to instruct in accordance with plaintiff's requested instruction No. XVI, to which the Court allowed an exception from the bench. It improperly sets before the jury the rule as to proof required of violation of the basic rule."

The principal objection to the instruction is that § 115-320, O. C. L. A., as amended by Chapter 458, Oregon Laws 1941, relative to indicated speed, has no application to civil actions. The statute as amended, in so far as material herein, provides as follows:

"(a) No person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway and the hazard at intersections and any other conditions then existing.

"Nor shall any person drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care; provided, that this provision shall not be construed to change the rules of pleading and evidence relating to negligence and contributory negligence.

"Any person convicted of a violation of the above basic rule, unless such violation occurs under the conditions of subdivision (b) of this section, shall be punished by a fine of not to exceed twenty-five dollars ($25), or by imprisonment for not to exceed five days, or by both such fine and imprisonment.

"(b) Any person who drives a vehicle upon a highway at a speed in excess of that designated by this act or by the state highway commission or the state speed control board, pursuant to the provisions of this act for the particular district or location, and who, while so driving, violates the basic rule set forth in subdivision (a) or any provision of sections 115-327 to 115-352, both inclusive, shall, upon conviction, be punished by a fine of not to exceed one hundred dollars ($100) or by imprisonment not to exceed 10 days, or by both such fine and imprisonment; *provided, that any speed in excess of said designated speeds shall be prima facie evidence of a violation of subsection (a) of this section.*"

The proviso—above italicized—was added by the 1941 amendment.

Plaintiff relies strongly on *Zeek v. Bicknell,* 159 Or. 167, 78 P. (2d) 620, wherein this court held, under the statute prior to the 1941 amendment, that indicated

speed regulations applied only to criminal proceedings and it was improper to instruct the jury relative to the same in a civil action. Instructions in civil actions concerning indicated speed could not be reconciled with instructions covering the basic rule.

When this state in 1931 copied its "Traffic Act" substantially from the "Uniform Act," submitted by the National Conference of Commissions on Uniform Laws, it—unlike other states—failed to enact additional legislation to the effect that a person driving in excess of a designated speed should be deemed prima facie guilty of having violated the basic rule. In other words, the statute prior to the 1941 amendment failed, in civil actions, to state the effect of driving in excess of the indicated speeds. Confusion arose in the practice as a result of the failure of the legislature to apply indicated speeds to civil proceedings. We think it is reasonable to assume that the legislature, in enacting the 1941 amendment, had in mind the ruling of this court in the Zeek case. The proviso, relative to designated speeds, by specifically referring to subsection (a) of § 115-320, O. C. L. A.—which is the basic rule—removed all doubt and uncertainty.

■ We are convinced that § 115-320, O. C. L. A., as amended, applies both to civil and criminal actions. The authorities are legion in support of such conclusion. In fact, we have found no case to the contrary, involving a similar statute. 1 Blashfield's Cyclopedia of Automobile Law and Practice (permanent ed.) § 738; 2 Berry on Automobiles (7th ed.) § 2.395; 3-4 Huddy's Cyclopedia of Automobile Law (9th ed.) § 171; *Brixey v. Craig*, 49 Idaho 319, 288 P. 152; *Lang v. Siddall*, 218 Iowa 263, 254 N. W. 783; *Rentschler v. Hall*, — Ind. —, 69 N. E. (2d) 619; *Nowak v. Joseph*, 275 Ky. 470,

121 S. W. (2d) 939; *Bennett v. Bennett*, 92 N. H. 379, 31 A. (2d) 374; *Woods v. Freeman*, 213 N. C. 314, 195 S. E. 812.

*Swiderski v. Moodenbaugh*, 143 F. (2d) 212 (C. C. A. 9th, 1944) is particularly in point because it involved an action to recover damages arising out of an automobile collision that occurred in Oregon. The district court was reversed because it refused to instruct the jury concerning indicated speed. The court particularly referred to the decision in *Zeek v. Bicknell*, supra, and the effect of the above mentioned 1941 amendment.

There is no merit in the exception to the instruction on the ground that "exceeding the indicated speed would constitute negligence per se." The court did not so instruct. There is a distinction between "prima facie negligence" and "negligence per se."

█ In the brief of the plaintiff it is urged that the instruction is objectionable in that the court did not explain the meaning of "prima facie negligence" and that the disputable presumption created by the amendment could be overcome by evidence showing that the decedent was driving with due care, even though he was exceeding the designated speed. There is merit in this argument, and we apprehend that had counsel timely directed the attention of the court to the same, the error would have been corrected. The requested instruction No. XVI, referred to in the exception to the instruction in question, did not point out the error of which plaintiff now complains. This is a court of review. It will not do to urge here for the first time objections to instructions. *Cook v. Retzlaff*, 163 Or. 683, 99 P. (2d) 22; *Davis v. Puckett Co.*, 144 Or. 332, 23 P. (2d) 909.

Error is assigned on the giving of the following instruction:

" 'A vehicle shall normally be driven in the lane nearest the right-hand edge or curb of the highway when said lane is available for travel except when overtaking another vehicle or in preparation for a left turn.' \* \* \* \* \* \* \*

"The provisions of the statutes of the State of Oregon which have just been called to your attention are what the Court referred to in speaking of negligence per se. Failure to obey any of those provisions of the Oregon statutes is negligence per se, or negligence in and of itself, regardless of what a reasonably careful person might or might not do in the absence of such statutory provisions."

Plaintiff thus excepted to the above instruction:

"As a separate exception in each instance, plaintiff excepts to the Court instructing the jury in the language of Section 115-328, Subdivision (a), O. C. L. A., which section deals with driving in the right-hand lane, and excepts to the Court submitting this question to the jury, on the ground and for the reason that there is no proof in the record that this lane of traffic was available to the plaintiff at the time of the collision, and that therefore plaintiff should not be charged with failure to drive in this lane of traffic."

█ There is substantial evidence in the record—in fact, there is none to the contrary—that the lane of traffic in question was available to the decedent at the time of the collision. There is no objection to the form of the instruction, but we think such statutory regulation has no application to the factual situation involved in this case. There was no casual connection between the violation of the rule and the collision. The purpose of such a traffic regulation was to accelerate traffic and to require, under normal conditions, slow-moving

vehicles to be driven in the lane nearest the right hand edge or curb of the highway. 42 C. J. 637. However, we are confined to the exception as made. It is not well taken.

■ There is substantial evidence tending to show that the accident occurred in a "business district" within the meaning of the statute. § 115-301, Subd. (x), O. C. L. A. There was no error committed in instructing the jury on this subject. In the light of the undisputed evidence, the court might well have instructed, as a matter of law, that the accident occurred in a "business district."

In view of the state of the record, the judgment must be affirmed.