Argued February 3, affirmed February 24, petition for rehearing
denied May 10, 1960

## LaBARGE *v.* UNITED INSURANCE COMPANY

349 P. 2d 822

*George P. Winslow* argued the cause for appellant. Winslow & Winslow, Tillamook, filed briefs for appellant.

*D. E. Kaufman* argued the cause for respondent. On the brief were McMinimee & Kaufman, Tillamook.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY and HARRIS, Justices.

HARRIS, J. (Pro Tempore)

This is an action by plaintiff upon a policy of accident insurance to recover 26 months' benefits at $100 per month. The action sought to recover compensation for the 26 months extending from October 13, 1954, to December 13, 1956.

In a prior action, *LaBarge v. United Insurance Company,* 209 Or 282, 303 P2 498, 306 P2 380, this court established plaintiff's right to recover under the terms of the policy in question for the period of time covering 16 months from June 13, 1953, to October 13, 1954.

The policy provides that plaintiff is entitled to compensation at the rate of $100 per month if the injury shall wholly and continuously disable plaintiff for one day or more so long as plaintiff lives and suffers total loss of time.

The jury in the first action determined that the accident of June 9, 1953, wholly and continuously disabled plaintiff for 16 months from June 13, 1953, to October 13, 1954.

Plaintiff claims that as a result of the accident mentioned he has been and still is wholly and continuously disabled since the accident. This action is brought to recover benefits for the 26 months which had then accrued following the 16 months' period upon which plaintiff recovered in the first action.

A jury trial in the instant action resulted in a verdict for $1,200 for plaintiff, and he appeals from the ensuing judgment.

The appeal is based primarily upon instructions given by the court which plaintiff claims were erroneous. Plaintiff's first assignment of error is as follows:

"The court erred in giving the following instructions:

" 'Circumstantial evidence is evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist. (Defendant's requested instruction No. 3)

" 'The matter of weighing circumstantial evidence as well as the direct evidence, and all other matters in evidence, is solely within your province. And I further instruct you that if you find that the circumstantial evidence which is in evidence in this case is more credible and worthy of belief than the direct testimony of one or more witnesses in regard to any matter in issue in this case, then it is proper for you to make the inference arising from the circumstantial evidence. (Defendant's requested instruction No. 4)

" 'You are instructed that defendant is not required to establish by direct evidence alone its defense to plaintiff's claim, since the issues in this case may be established and proven by circumstantial evidence, that is, from all the facts and circumstances in evidence to warrant an inference to prove any issue in this case.' (Defendant's requested instruction No. 5)

## "EXCEPTION

" 'MR. WINSLOW: Plaintiff has a number of exceptions. First, plaintiff takes exception to all the instructions given by the Court on circumstantial evidence for the reason that those instructions are not applicable to this case; but also because the Court did not define circumstantial evidence. Circumstantial evidence is a term that is not always correctly applied by attorneys. The

Court has just used the words "circumstantial evidence", with no definition.

" 'As I recall one of the essential parts of circumstantial evidence, before it can be applied, is that it must foreclose all probability of any other conclusion and this jury is here just left to speculate and apply what you said about circumstantial evidence without any guide. The Higher Court has even held that it is error to instruct the jury on prima facie evidence without defining "prima facie". Our Court has held that delivery of a deed—it is error to instruct the jury on just using the words "delivery of a deed", without defining what in law constitutes "delivery". So we take exceptions to all the Court's instructions upon circumstantial evidence, particularly the Court's instructions given which were more or less in effect, if not verbatim, to defendant's requested instructions 3, 4, and probably one or two others.' "

It will be noted that the exceptions reserved by the plaintiff to the instructions given by the court upon circumstantial evidence are in three particulars: (1) that the instructions are not applicable to this case; (2) that the court did not define circumstantial evidence; and (3) as follows:

" 'As I recall one of the essential parts of circumstantial evidence, before it can be applied, is that it must foreclose all probability of any other conclusion and this jury is here just left to speculate and apply what you said about circumstantial evidence without any guide.' "

With reference to the first particular, no reason is advanced by the plaintiff why instructions upon circumstantial evidence are not applicable to the instant cause. With reference to the second particular urged by plaintiff, it will be noted that the court did, in fact, give a definition of circumstantial evidence

to a certain extent when the court advised the jury as follows:

"Circumstantial evidence is evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist."

This statement is taken from 22 CJ 65, Evidence § 8. While we believe the court's instructions upon this phase of the case should have been fuller, it must be remembered we are dealing with an instruction actually given and not with a request on the part of the plaintiff for an instruction upon circumstantial evidence. No such instruction was requested by the plaintiff.

■ With reference to the third particular urged, no authority is cited by the plaintiff that the subject matter mentioned by plaintiff in his exception would constitute a correct statement of the law with reference to circumstantial evidence. We, therefore, hold that plaintiff's first assignment of error is without merit.

Plaintiff's second assignment of error reads as follows:

"The court erred in giving the following instruction:

" 'The word "continuously" as used in these instructions means connected, extended or prolonged without separation or interruption of sequence; unbroken, uninterrupted; unintermitted.' (Defendant's requested instruction No. 11)

"EXCEPTION

" 'but further than that, the Court here again gives an instruction using the term "interruption in (of) the continunity" of disability, without defining what that would mean. And I refer, again, to plaintiff's performing work, or attempting to

perform work, to recondition himself, try himself out to see how far he could go.

" 'The Court gave defendant's requested instruction number 11, where the Court attempted to define "continuously". That definition applies in lots of cases. It has no application to this situation because, as I said, continuous means continuous. Yet our court has held in this particular case, in the other appeal, that continuous doesn't mean when we go out here and work and try to recondition ourself to see how much we can do. This definition certainly, applied as the Court gave it, would say some days he is able to work, therefore, the continuous would be broken. I think the instruction requested by the defendant, and which the Court gave just has no application to the situation which the jury is considering.' "

■■ The first paragraph of plaintiff's exception does not relate to the challenged instruction and will not be further considered. In the first place it will be noted that plaintiff's challenge goes to the entire instruction and not to portions thereof. Plaintiff in his brief admits that portions of the instruction under attack were valid since he submits the following definition of "continuously" as correct.

"The term 'continuously' in the usual accident insurance policies does not denote ceaseless and absolute continuity, but means regularly, protracted, enduring and *without interruption of sequence*, as contradistinguished from irregular, spasmodically, intermittently or occasionally." (Emphasis supplied.)

Therefore, an exception which challanges the entire instruction cannot be supported. In advancing further argument that the challenged instruction is erroneous plaintiff in his brief argues that the word "continuously" is not to be given a literal construction; that

the word does not necessarily mean without break or interruption, and that the word "continuously" has other connotations than those expressed in the instruction. However, we hold that none of the infirmities urged and argued by plaintiff in his brief was specifically set forth in the exception which the plaintiff reserved to the giving of the challenged instruction. We hold that with the exception of certain argument which does not convey definite meaning to the court, the exception taken by the plaintiff is merely a general exception stating that the instruction has no application to the instant cause. This court has held on many occasions that such an exception raises no question for review by this court. The last utterance of this court upon this subject is found in *Hamilton v. Union Oil Co.*, 216 Or 354, 339 P2d 440, where the court stated:

"We decline to consider whether the instruction was an 'inaccurate statement of the law.' Such an exception raises no question for review by this court. It is no more than to say that counsel disagrees with the trial judge about the law. But it is incumbent on counsel in excepting to an instruction to inform the court *why* he thinks the instruction is wrong. In this court, counsel criticize the instruction because the court used the term 'active negligence' without explaining its meaning and because an instruction based on a distinction between passive and active negligence would only confuse the jury. These defects, if such they were, not having been called to the attention of the trial court, will not be noticed here. See *Senkirik v. Royce*, 192 Or 583, 593, 235 P2d 886; *Mercer v. Risberg*, 182 Or 526, 532, 188 P2d 632; *Kiddle v. Schnitzer*, 167 Or 316, 352, 354, 114 P2d 109, 117 P2d 983; *Cook v. Retzlaff*, 163 Or 683, 687, 99 P2d 22; *Lee v. Hoff*, 163 Or 374, 392, 97 P2d 715; *Davis v. Puckett Co.*, 144 Or 332, 334, 23 P2d 908."

■ We hold that exceptions to the charge of the court must point out specifically and definitely the alleged defects in an instruction. The trial court and opposing counsel are entitled to know the definite grounds upon which an attack is made upon an instruction so that the court may make its ruling understandingly and be given an opportunity to correct any error. An exception to an instruction must be specific and definitely point out the particular ground or grounds relied upon, and mere general objections and arguments are not sufficient. The exact matters which are urged in an assignment of error must be pointed out to the trial court definitely and specifically. *Cook v. Retzlaff*, 163 Or 683, 687, 99 P2d 222; *Wallace v. American Toll Bridge Co.*, 124 Or 179, 183, 264 P 351.

Whether plaintiff was continuously disabled was an important element in the case. This is recognized by plaintiff's own requested instruction as follows:

"The primary question here for you to decide is whether or not plaintiff's total disability, as adjudicated in the former trial, continued after October 13, 1954, and if so, for how long a period has plaintiff's total disability continued. If plaintiff's total disability as a result of said accident, continued after October 13, 1954, then plaintiff is entitled to recover from defendant $100.00 per month for each month during the period that plaintiff was wholly and continuously disabled and was under the regular and personal attendance of a licensed physician, but not to exceed 26 months."

In this connection it must be remembered that plaintiff himself did not request any instructions defining the word "continuously," notwithstanding, as we have shown, that plaintiff used this word several times in his own requested instructions. It was, therefore,

necessary for the court to give some definition of this term. We hold that the exception taken by the plaintiff to the instruction given by the court upon the word "continuously" was insufficient to bring the challenged instruction for review before this court upon the grounds urged upon this appeal. Plaintiff's second assignment of error is without merit.

Plaintiff's assignment of error No. 3 is stated as follows:

"The court erred in giving the following instruction:

" 'I instruct you that any break or interruption in the continuity, if any, of plaintiff's total disability, if any, during the period of October 13th, 1954, through to December 13, 1956, would prevent the plaintiff from receiving compensation for any total disability, if any, which occurred after a period of either no disability or partial disability.

" 'In other words, if you should find that the plaintiff was wholly disabled up to a certain period and then following the period of total disability, if any, the plaintiff was suffering no disability, or only partial disability, then plaintiff would be entitled to recover compensation only up to the beginning of the period of no disability or partial disability.

" 'Any total disability which plaintiff would suffer after a period of no disability or partial disability would not be compensable in this case.' (Defendant's requested instruction No. 10)

## "EXCEPTION

" 'Now the Court gave requested instruction number 10. This is misleading and confusing. First, it is wrong because it says we can't collect any time after he becomes partially disabled. Well, the policy provides for recovery if partially disabled;

but further than that, the Court here again gives an instruction using the term "interruption in (of) the continunity" of disability, without defining what that would mean. And I refer, again, to plaintiff's performing work, or attempting to perform work, to recondition himself, try himself out to see how far he could go.' "

It will be noted that the exception reserved to the giving of this challenged instruction is in three divisions: (1) the instruction was misleading and confusing; (2) the instruction was incorrect because the policy provides for a recovery for partial disability; and (3) the court used the term "interruption in the continuity" of disability without defining what that would mean.

■ The matter of plaintiff's recovering for partial disability has not been discussed in plaintiff's brief and is presumed waived. With reference to points 1 and 3 mentioned above, the same arguments are advanced by the plaintiff in relation to this assignment of error as were urged in assignment of error No. 2. Our ruling disposing of plaintiff's assignments of error No. 2 for the reason the exception taken thereto was not specific or definite enough to bring the now urged infirmities to the attention of this court for consideration also disposes of the remaining grounds upon which plaintiff now contends the instruction challenged under this assignment of error was erroneous.

■ Plaintiff advances the contention that the court did not define "continuity of disability." However, the court in other instructions did define the term "continuously." Assignment of error No. 3 is considered to be without merit.

Plaintiff's fourth assignment of error reads as follows:

"The court erred in giving the following instruction:

" 'I instruct you that before you can find that plaintiff is entitled to any compensation in this case you must first find from a preponderance of evidence that plaintiff was wholly disabled and if you find that plaintiff was wholly disabled he would be entitled to compensation only for such period of time immediately following October 13, 1954, that such total disability, if any, was continuous and uninterrupted and plaintiff suffered a total loss of time.' (Defendant's requested instruction No. 9)

"EXCEPTION

" 'Now the Court gave defendant's requested instruction 9 and we except to the contents of that instruction * * * but here again the Court gives an instruction without defining what would in law constitute continuous or uninterrupted total loss of time.

" 'Now may I also say I think the instruction is confusing and contradictory to other instructions. But take the Supreme Court decision in this very case. Many cases are cited there where the Court holds that going out and working for a while, trying to condition yourself, get back into condition, does not render a person able to work—to say it reversely, does not show that a man is—two negatives—not totally disabled. And this instruction number 9 as requested and as given is certainly subject to that deduction.' "

In urging this assignment of error the plaintiff states as follows in his brief:

"The instruction, the subject of this assignment, in effect, is similar to the instruction which is the subject of Assignment No. 3 and points and

authorities under Assignment No. 2 are hereby cited and referred to without repeating the same."

What we have said in disposing of assignment of error No. 3, therefore, also disposes of the instant assignment of error adversely to plaintiff.

Plaintiff's assignments of error Nos. 5 and 6 involve similar subject matter and will be, therefore, treated and discussed together.

These assignments of error are stated as follows:

"The court erred in giving the following instruction:

" 'If you find that plaintiff was involved in an accident on or about October 5th, 1955, and that it aggravated and rendered plaintiff's arthritic condition extremely painful for a period of six months or less, and if you further find that during all or part of the six months period following October 5th, 1955, plaintiff was wholly and continuously disabled and suffered total loss of time and that it is just as probable that plaintiff's disability, if any, within all or part of said period of time, was proximately caused by the accident of October 5th, 1955, as it is that it was directly caused by the accident of June, 1953, then I instruct you that plaintiff cannot recover beyond October 5th, 1955.' (Defendant's requested instruction No. 15)

## "EXCEPTION

" 'Now we except to all the Court's instructions relating to an automobile accident, or other accidents, on October 5th, 1955. The Court gave in substance defendant's requested instructions 13, 15 and I think 14. These instructions single out a set of circumstances, and so forth, that which is error to single out and particular things of that kind. The question is under all of the evidence, under

all the circumstances, would it have that effect. It is always error for the Court to single out any circumstance and instruct on that when there are other circumstances in the case which the jury should consider.

" 'We except to the giving by the Court of instruction number 15 of the defendant. There is no evidence to base the instruction on. It is an abstract proposition and unduly directs the attention of the jury to a circumstance that has no bearing in this case.' "

"The court erred in giving the following instruction:

" 'If you find that the plaintiff on or about October 5th, 1955, was involved in an accident, and if you further find that as a proximate result of said accident the plaintiff suffered a total disability for a period of time which he would not have otherwise had but for the accident, then I instruct you that plaintiff would not be entitled to recover any compensation from the defendant for any total disability, if any, occurring after that accident.' (Defendant's requested instruction No. 13)

"EXCEPTION

" 'Now we except to all the Court's instructions relating to an automobile accident, or other accidents, on October 5th, 1955. The court gave in substance defendant's requested instructions 13, 15 and I think 14. These instructions single out a set of circumstances and the jury is instructed on the effect of those circumstances, and so forth, that which is error to single out any particular thing of that kind. The question is under all the evidence, under all the circumstances, would it have that effect. It is always error for the Court to single out any circumstance and instruct on that when there are other circumstances in the case which the jury should consider.' "

To understand better these assignments of error it will be necessary to note certain matters that appear in the record.

■ In October, 1955, the plaintiff was involved in an automobile accident, as a result of which he brought an action for damages, alleging in part as follows in his complaint:

"That at the time. of said collision plaintiff was suffering from arthritis and as a direct result of said collision plaintiff was thrown and jarred with great force and plaintiff's arthritis condition was thereby aggravated and rendered extremely painful, causing plaintiff to suffer extreme. pain and agony for six months; that plaintiff also sustained severe injuries to plaintiff's legs, hands and fingers; all to plaintiff's damage in the sum of $900.00."

With reference to the above alleged injuries, Dr. John P. Brady testified:

"* * * Now, Doctor, based upon a reasonable medical certainty would you state whether or not there was a causal connection between the disability of this man occurring after the accident of October 5, 1955, and the accident of that date of October 5, 1955?

"A Yes, I have an opinion.

"Q What is it?

"A I think the accident definitely would or did precipitate the difficulty."

It will be noted that the jury in the present case allowed a recovery under the policy until the event of this later automobile accident. It will be observed that the exceptions to the two instructions challenged by assignments of error Nos. 5 and 6 were upon the following grounds: (1) that the instructions singled

out a set of circumstances and instructed upon them without instructing upon other circumstances in the case which the jury should consider; (2) that there was no evidence upon which to base the instructions; and (3) that the instructions were abstract and unduly directed the attention of the jury to circumstances that had no bearing upon the case. Ground number 3 has not been discussed in the brief. However, it may be stated that, as above indicated, there was evidence to support the situation mentioned in the instruction relative to the latter accident. It was the defendant's theory that it was just as probable that the automobile accident was the cause of plaintiff's disability thereafter as it was that the cause of the alleged disability was the accident of June 5, 1953. We believe that the excerpts above set forth amply demonstrate that there was evidence upon which to base the two instructions complained of.

The other ground of exception is that the court singled out a set of circumstances and instructed upon them without including other circumstances which should have been considered. What these other circumstances are is not pointed out by the plaintiff, either in his exception or in the argument advanced in his brief. We believe the instructions did no more than submit defendant's theory of the case to the jury as questions of fact. Nothing was submitted to the jury as a matter of law. The instructions were within the scope of what we held to be permissible in *Oja v. LeBlanc,* 185 Or 333, 346, 203 P2d 267, where we held as follows:

"* * * The instruction given in *Hanson v. Schrick,* supra, did not, in our opinion, when considered alone, constitute reversible error. It did not single out for undue emphasis one portion of

the evidence. On the contrary, it stated a rule of law to the effect that evidence of the smell of liquor on the breath or of having been drinking intoxicating liquor is not alone sufficient to prove intoxication. Such, we think, is the law. * * *

"We cannot in these modern times adhere to a rule of thumb that the mere mention in an instruction of specific facts which are in evidence constitutes reversible error * * *."

It will be noted that the court fully covered plaintiff's theory of the case when it instructed the jury as follows:

"I instruct you that as a result of a former trial between plaintiff and defendant it was conclusively adjudicated that plaintiff sustained bodily injuries in an accident on or about June 9th, 1953, and that as a direct and proximate result of such accident and injuries, a prior dormant and inactive infirmity or condition was substantially aggravated, excited, activated or increased to such an extent as to render plaintiff wholly disabled and that such disability continued for a period of sixteen months; that is, until October 13th, 1954.

"The primary question here for you to decide is whether or not plaintiff's total disability, as adjudicated in the former trial, continued after October 13th, 1954, and if so, for how long a period has plaintiff's total disability continued. If plaintiff's total disability, as a result of said accident, continued after October 13th, 1954, then plaintiff is entitled to recover from defendant $100 per month for each month during the period that plaintiff was wholly and continuously disabled and was under the regular and personal attendance of a licensed physician, but not to exceed twenty-six months.

"Being wholly disabled, as that term is used in plaintiff's insurance policy, means that a person cannot, within the range of normal ability, taking into consideration his education, training and

physical condition, perform any work or follow any gainful occupation in a customary and usual manner. Any impairment rendering it impractical for a person to follow continually any substantial gainful work or occupation would render such person wholly disabled.

"In determining whether or not plaintiff was wholly and continuously disabled as a result of plaintiff's accident referred to in the complaint and evidence in this case, I instruct you that a person is wholly disabled if such person is unable to perform the material and substantial acts necessary for the performance of gainful work or gainful occupation that such person is qualified to perform in a customary and usual manner.

"A person cannot be expected to work or follow a gainful occupation at the peril of his life or health, and a person would not be expected to perform work which would cause such person such pain and suffering which a person of ordinary prudence and fortitude would be unwilling and unable to endure.

"The term 'wholly disabled' does not mean that a person must be confined to his bed nor be in a state of absolute helplessness and the fact that a person may do some light work or transact some business dealings or engage in some amusement does not preclude the existence of total disability at the time, if reasonable care and prudence require that such person desist from doing a substantial amount of work or if such person, in fact, is totally unfit to work at any gainful work."

██ The instructions of the court, of course, must be considered as a whole. Those complained of must be considered in conjunction with all the instructions given.

In arguing assignments of error Nos. 5 and 6 plaintiff has advanced other contentions, none of which, however, was pointed out to the trial court

in the exceptions taken to the giving of these challenged instructions. Therefore, these additional arguments will not be noted in this opinion. We, therefore, hold that assignments of error Nos. 5 and 6 are without merit.

From the foregoing we reach the conclusion that the record fails to disclose reversible error and, therefore, the judgment appealed from is affirmed.