**CONSOLIDATED FREIGHTWAYS, INC., et al., Appellants,**

v.

**Roy G. HOLZAPFEL, Appellee.**

**No. 16884.**

United States Court of Appeals Ninth Circuit.

Jan. 25, 1961.

Koerner, Young, McColloch & Dezendorf, John Gordon Gearin, Portland, Or., for appellants.

Dwight L. Schwab, Hutchinson, Schwab & Burdick, Theodore D. Lachman, Portland, Or., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and WOLLENBERG, District Judge.

WOLLENBERG, District Judge.

This is an appeal from a judgment in favor of appellee after a jury verdict, taken by appellant Consolidated Freightways, Inc.

On November 9, 1957, appellee was injured as a result of a collision between the vehicle he was driving and a Consolidated Freightways truck and trailer; the accident occurred on U. S. Highway 30 near the community of Blalock, Gilliam County, Oregon. The matter, originally filed in the Oregon Circuit Court for Multnomah County, was removed on diversity grounds to the United States District Court for the District of Oregon under 28 U.S.C.A. § 1441.

Appellants set forth in their answer a defense of contributory negligence, their contention being that appellee drove at a speed greater than was reasonable under the circumstances then and there existing. Pre-trial proceedings were had and the pre-trial order reads as follows:

"Defendants' Contentions
"Defendants contend that plaintiff in the operation of his motor vehicle was careless, reckless and negligent in that:

"1. He drove and operated the same at a speed greater than was reasonable under the circumstances then and there existing. * * * "

Appellants' specification of error complains that the court failed to give its proposed instruction numbered XIX,[1] and although instructing on negligence and contributory negligence, the court failed entirely to instruct the jury as to designated speeds as set forth in the Oregon Statutes, particularly ORS 483.104,[2] and failed to instruct, as requested, that any speed in excess thereof shall constitute prima facie evidence of violation of the basic rule.

The record shows that in addition to the question of speed as set forth in the pre-trial memorandum, the court had the issue as to whether or not it should have instructed the jury on the designated speed[3] called to its attention by the written proposed instruction, by conference of attorneys with the court prior to the giving of the instructions, and again subsequently to the retiring of the jury when appellants' counsel made objection to the failure of the court to give the proposed instruction and to the court's instructing on the basic rule without reference to the designated speed.

There is sufficient evidence in the record for the jury to have found that the appellee was exceeding the designated speed. This is not denied by appellee, but rather he relies on the fact that appellants' proposed instruction XIX was not proper in that it was incomplete in its failure to define the words "prima facie" contained therein.

A reading of the full instructions of the court actually given to the jury indicates that the failure to give appellants' requested instruction XIX does not leave the instructions incomplete in any regard except that of the failure to give any instruction to the jury on designated speed under ORS 483.104. This leaves but one point to be considered, i. e., the failure to instruct on designated speed.

Clearly, there is sufficient in the record for the jury to have found that appellee was driving at the time of the accident in excess of the designated speed. Since this is so, the jury could have found the appellee was driving over 55 miles per hour—that he was violating the basic speed law, and therefore contributorially negligent. This court in Swiderski v.

1. Appellants proposed instruction XIX, with which we are here concerned, reads as follows:

"XIX

"A. In connection with the defendants' charges of contributory negligence I instruct you that there were in full force and effect at the time and place of the accident, the following statutes of the state of Oregon, violation of which would constitute negligence in and of itself.

"B. You are not permitted to substitute your judgment of what a reasonably prudent person would or would not do in light of the positive rules of the traffic law to which I am directing your attention.

"C. ORS 483.102:

" 'Basic speed rule. (1) No person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway, the hazard at intersections and any other conditions then existing.

" '(2) No person shall drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care. * * * '

"You are instructed that any speed in excess of 55 miles per hour is prima facie evidence of violation of the basic rule to which I have just directed your attention. * * * "

2. The portion of appellants' proposed instruction XIX concerning designated speed as set forth in ORS 483.104 is as follows:

"You are instructed that any speed in excess of 55 miles per hour is prima facie evidence of violation of the basic rule to which I have just directed your attention."

3. ORS 483.104.

Moodenbaugh, 9 Cir., 1944, 143 F.2d 212, has held that in an action for damages resulting from an automobile collision in the State of Oregon, the failure to instruct the jury that if either party were driving at a greater speed than designated in the statutes such fact was prima facie evidence of negligence, was error. We hold that the court's failure to give such instruction in this case to the jury constitutes reversible error.

See also Mercer v. Risberg, 182 Or. 526, 188 P.2d 632.

Reversed.